IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-03033-BNB

GARY WAYNE TURNER,

      Plaintiff,

v.

LIEUTENANT FELZIEN,
NORRIS, Case Manager I,
PETERSON, Case Manager II,
LONG, Case Manager III,
KEVIN MILYARD, Warden,
JOHN CHAPDELAINE, Asst. Warden,
MAJOR KENNETH WILDENSTEIN, and
WEST WILSON, CM III,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Gary Wayne Turner, is in the custody of the Colorado Department of

Corrections and currently is incarcerated at correctional facility in Sterling, Colorado.

Mr. Turner, acting *pro se*, has filed a Prisoner Complaint pursuant to 42 U.S.C.

§ 1983 and 28 U.S.C. § 1343.  The Court must construe the Complaint liberally because

Mr. Turner is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the

Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For

the reasons stated below, Mr. Turner will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint filed by Mr. Turner and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Mr. Turner fails to set forth a short and plain statement of his claims.  The claims are presented in a narrative format and are repetitive.  Therefore, Mr. Turner will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8.  It is Mr. Turner's responsibility to present his claims in a short and concise format.

Mr. Turner also is advised that he must allege specific facts in his Amended Complaint that demonstrate how each named Defendant personally participated in the

asserted constitutional violations.   Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Turner must show that each Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

To state a claim in federal court, the Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Turner file within thirty days from the date of this Order an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order.  It is

FURTHER ORDERED that Mr. Turner shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov for use in filing an Amended Prisoner Complaint.  It is

FURTHER ORDERED that if Mr. Turner fails to comply with this Order to the Court's satisfaction, within the time allowed, the action will be dismissed without further notice.

DATED December 28, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge