IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03033-PAB-MJW

GARY TURNER,

Plaintiff,

v.

LIEUTENANT FELZIEN,
CASE MANAGER I - NORRIS,
CASE MANAGER II - PETERSON,
CASE MANAGER III - LONG,
KEVIN MILYARD, Warden,
JOHN CHAPDELAINE, Asst. Warden,
MAJOR KENNETH WILDENSTEIN, and
WEST WILSON, CMIII,

Defendants.

---

**RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS (Docket No. 39)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 26) issued by Judge Philip A. Brimmer on March 21, 2012.

**PLAINTIFF'S ALLEGATIONS**

Pro se plaintiff Gary Turner asserts the following in his Amended Prisoner Complaint (Docket No. 19). Plaintiff is currently incarcerated in the Colorado Department of Corrections. At some point in time, plaintiff completed a 90 day work assignment in the prison's kitchen. After completely the 90 day assignment, plaintiff was assigned to another 90 days in the kitchen. Plaintiff refused this assignment. As a

result of plaintiff's refusal, defendants retaliated against plaintiff by labeling plaintiff as inappropriate for education classes. After making comments about being capable of sabotaging the kitchen, plaintiff was also given a C.O.P.D. charge. Plaintiff then filed several racial discrimination charges against the staff. Plaintiff claims this resulted in further retaliation by defendants.

Although the chronology is unclear, it appears that at some point plaintiff received two more C.O.P.D. charges, and served 20 days in punitive segregation for each charge. Plaintiff was then reclassified to a punitive/intensive management pod for having received two C.O.P.D. charges in a six month period. Plaintiff further claims he was refused a hearing regarding his reclassification.

In addition, on October 16, 2011, plaintiff was attacked by his cell mate and two other inmates. Plaintiff had requested protection from defendants, but claims he was refused.

Plaintiff's Claim One asserts defendants violated plaintiff's First, Eighth, and Fourteenth Amendment rights. Specifically, plaintiff asserts defendants violated his rights by labeling plaintiff as inappropriate to attend educational programs. Plaintiff further claims the labeling was done in retaliation for comments made by plaintiff.

Plaintiff's Claim Two asserts defendants violated plaintiff's Eighth Amendment right by failing to protect plaintiff against the October 16, 2011 attackers.

Plaintiff's Claim Three asserts defendants violated plaintiff's Eighth and Fourteenth Amendment rights by refusing to conduct a hearing on the issue of plaintiff's reclassification.

**PENDING MOTION**

3

Now before the court for a report and recommendation is defendants' Motion to Dismiss (Docket No. 39). Defendants argue: (1) to the extent plaintiff brings his claims against defendants in their official capacities, defendants are entitled to Eleventh Amendment immunity; (2) plaintiff has failed to state a claim upon which relief can be granted; (3) plaintiff has failed to exhaust his administrative remedies related to his Eighth Amendment failure to protect claim; and (4) to the extent plaintiff brings his claims against defendants in their individual capacities, defendants are entitled to qualified immunity.

The court has carefully considered the Amended Prisoner Complaint (Docket No. 19), the motion to dismiss (Docket No. 39) and plaintiff's response (Docket No. 43). Defendants did not file a reply. In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Under Rule 8(a)(2), a pleading must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32

5

(10th Cir. 1996).  However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ."  Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)).  "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable."  Id.

Plaintiff is proceeding pro se.  The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys.  Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007).  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers).  However, a pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged.  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).  See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues).  The plaintiff's pro se status does not entitle him to application of different rules.  Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**FAILURE TO STATE A CLAIM**

Defendants argue plaintiff has failed to state any claim upon which relief can be granted. The court will address each of plaintiff's claims in order.

**1. Plaintiff's Claim One**

Plaintiff's Claim One asserts defendants violated plaintiff's First, Eighth, and Fourteenth Amendment rights. Specifically, plaintiff asserts defendants violated his rights by labeling him as inappropriate to attend educational programs. Plaintiff further claims the labeling was done in retaliation for comments made by plaintiff.

Defendants argue that plaintiff has no right to participation in any programs, including the educational programs detailed in plaintiff's complaint. In response, plaintiff cites to the Correctional Education Program Acts of 1990, C.R.S. § 17-32-101, et seq., and further argues that prisoners have Fourteenth Amendment Due Process rights regarding the administration of such programs.

The United States Constitution guarantees due process only when a person is deprived of life, liberty, or property. See Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994). Plaintiff has not been deprived of life or property, therefore his claims depend upon the existence of a liberty interest. The existence of a liberty interest in turn depends upon the nature of the interest asserted. See Sandin v. Conner, 515 U.S. 472, 480 (1995).

There is no liberty interest in a prisoner's ability to participate in rehabilitation programs. See Templeman, 16 F.3d at 369; Battle v. Anderson, 564 F.2d 388, 403 (10th Cir. 1977); Washington v. Borejon, 324 Fed. Appx. 741, 741 (10th Cir. 2009) ("The

ability to participate in a rehabilitative prison program clearly does not implicate life or property interests."); Kirkland v. McKee, 2009 WI 1542899, at *5 (W.D. Mich. June. 2, 2009) (stating that "[f]ederal courts have consistently found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs") (collecting cases). Because plaintiff does not have a liberty interest in his participation in educational programs, plaintiff has necessarily failed to plead a due process violation based on that interest.

Similarly, lack of access to rehabilitation programs cannot form the basis of a claim under the Eighth Amendment. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981). Rather, the Eighth Amendment protects the core areas of shelter, sanitation, food, personal safety, medical care and adequate clothing. Ramos v. Lamm, 639 F.2d 559, 566 (10th Cir. 1980). Accordingly, plaintiff has failed to plead an Eighth Amendment claim related to lack of access to educational programs.

Finally, plaintiff contends he was labeled inappropriate for educational programs because of a particular comment made by plaintiff. Plaintiff thus contends he was retaliated against in violation of the First Amendment. The only comment plaintiff alleges he made, prior to when he was labeled inappropriate for educational programs, was that he was "capable of sabotaging the kitchen." This comment was made soon after plaintiff learned he was assigned an additional 90 days in the kitchen.

A plaintiff must allege three elements to show a First Amendment retaliation claim: "(1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's

adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." Shero v. City of Grove, 510 F.3d 1196, 1203 (10th Cir. 2007). Speech that conveys a threat is not considered a "constitutionally protected activity." Nielander v. Bd. of Cnty. Com'rs of Cnty. of Republic, Kan., 582 F.3d 1155, 1165 (10th Cir. 2009).

Here, plaintiff's statement that he was "capable of sabotaging the kitchen" is clearly a threat. In addition, the conduct implied by plaintiff's statement would plainly fall outside prison rules. See Georgacarakos v. Wiley, 2010 WL 1291833, at *10 (D. Colo. Mar. 30, 2010) (stating that disobeying prison rules as a form of protest is not a constitutionally protected activity). Accordingly, the court finds that plaintiff has failed to plead a constitutionally protected activity, and plaintiff's First Amendment Retaliation claim should be dismissed.

**2. Plaintiff's Claim Two**

Plaintiff's Claim Two asserts defendants violated plaintiff's Eighth Amendment rights by failing to protect plaintiff against the October 16, 2011 attackers.

The Supreme Court has stated that "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quotation and alteration omitted). Failure to meet this duty violates the Eighth Amendment only when two requirements are met. First, the alleged deprivation must be sufficiently serious under an objective standard. Howard v. Waide, 534 F.3d 1227, 1236 (10th Cir. 2008). "In cases involving failure to prevent harm, this means that the prisoner must show that the conditions of his incarceration present an objective substantial risk of harm." Id. (quotations omitted). Second, the prisoner must show that

prison officials had subjective knowledge of the risk of harm. Id. "In other words, an official 'must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer, 511 U.S. at 837).

As to the first requirement, plaintiff's complaint states that he was attacked by his cell mate and two other gang members. Plaintiff's complaint further states that he had previously requested to be moved and not placed with a cell mate who was a gang member. Plaintiff also alleges that his cell mate had previously been sentenced to nine extra years for throwing hot oil on another inmate. Plaintiff thus alleges his cell mate was a gang member with a history a violence towards other inmates. Accordingly, the court finds that plaintiff's allegations are sufficient to show an objective, substantial risk of harm.

As to the second requirement, plaintiff makes several allegations in his complaint that various defendants knew of his cell mate's gang affiliation and violent past. Plaintiff further alleges that he requested to change cell mates out of fear for his safety. The court finds that this is a sufficient showing that there was subjective knowledge of a substantial risk of serious harm. Accordingly, the court finds that plaintiff has stated an Eighth Amendment claim for failure to protect.

**3. Plaintiff's Claim Three**

Plaintiff's Claim Three asserts defendants violated plaintiff's Eighth and Fourteenth Amendment rights by refusing to conduct a hearing on the issue of plaintiff's reclassification. Defendants argue that plaintiff has no right to a particular classification or a hearing on his classification.

It has been traditionally understood that changing an inmate's status or classification "does not deprive him or liberty, because he is not entitled to a particular degree of liberty in prison." Templeman, 16 F.3d at 369; Meachum v. Fano, 427 U.S. 215, 225 (1976). This is true even in view of the Colorado Department of Correction's regulatory regime. See Templeman, 16 F.3d at 369. However, the Supreme Court has since stated that a court must look to the conditions of confinement to determine if they impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Plaintiff's complaint is completely devoid of any allegations that his reclassification has resulted in atypical and significant hardships; plaintiff simply states that he was reclassified and placed into a "punitive pod." Plaintiff does not provide any specifics as to the difference between the conditions faced under his current classification as compared to his former classification. Accordingly, plaintiff has failed to state an Eighth Amendment claim related to his reclassification. In addition, because plaintiff has failed to show a significant difference in conditions, he has necessarily failed to plead that he was entitled to any procedural protections related to his reclassification, such as a hearing. See Portley-El v. Steinbeck, 357 Fed. Appx. 204, 205 (10th Cir. 2009) (citing Sandin, 515 U.S. at 484).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Defendants argue that plaintiff failed exhaust all his available administrative remedies with respect to Claim Two, his Eighth Amendment failure to protect claim.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust "such administrative remedies as are available" before suing over

prison conditions. This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." Beaudry v. Corr. Corp. of Am., 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). Therefore, defendants do not waive the exhaustion defense by waiting to raise it, even on the eve of trial. Id.

Section "1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 741 (2001)). The Supreme Court has stated: "[W]e stress the point . . . that we will not read futility or other exceptions into [the PLRA's] statutory exhaustion requirement." Booth, 532 U.S. at 741 n.6. "In *Booth*, the Supreme Court explained that one of the purposes of the exhaustion requirement is to force an inmate to go through the administrative process which in turn might afford prison officials the opportunity to take some corrective action that would preclude litigation." Beaudry, 331 F.3d at 1167.

The "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). As an affirmative defense, "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007). "'[A] district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue' unless the complaint conclusively shows a failure to exhaust." Markovich v. Correct Care Solutions, 406 Fed. Appx. 264, 265 (10th Cir.

12

2010) (quoting <u>Aquilar-Avellaveda v. Terrell</u>, 478 F.3d 1223, 1225 (10th Cir. 2007)).

The Colorado Department of Corrections ("CDOC") has a multi-step administrative grievance process available to inmates set forth in its regulations which entails first a written informal grievance and then a formal three-step written grievance procedure. <u>See</u> CDOC Administrative Regulation 850-4.

Here, defendants argue that plaintiff did not fully exhaust his administrative remedies. Specifically, defendants point out that plaintiff attached a Step 3 grievance to his complaint regarding the alleged failure to protect. Also attached to plaintiff's complaint is the Step 3 grievance response. The grievance response states that plaintiff had failed to timely file a grievance. Thus, defendants argue plaintiff failed to follow the mandatory exhaustion requirement. In response to defendants' argument, plaintiff states that he did not fail to exhaust his administrative remedies, however plaintiff does not directly address defendants' contention that his grievance was untimely.

The grievance response attached to plaintiffs's complaint states that plaintiff's grievance was filed out of time. It further explains that Administrative Regulation 850-4 gives an inmate five calendar days from the date an inmate receives a grievance response to file the next step. The grievance response states that plaintiff received his Step 1 response on November 10, 2011 and plaintiff did not file his Step 2 grievance until November 23, 2011. Thus, the grievance response plainly shows that plaintiff Step 2 grievance was untimely filed.

Plaintiff was given a chance to respond to the untimely nature of his grievance in his response to defendants' motion, but offered no explanation as to how his grievance

13

was in fact timely. More importantly, the grievance response attached to plaintiff's complaint conclusively shows that plaintiff's grievance was untimely. A prisoner cannot satisfy the PLRA's exhaustion requirement by "filing an untimely or otherwise procedurally defective administrative grievance or appeal;" the PLRA requires the "proper exhaustion of administrative remedies." See Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). See also Patel v. Fleming, 415 F.3d 1105, 1109-10 (10th Cir. 2005); Thomas v. U.S. Bureau of Prisons, 282 Fed. Appx. 701, 704 (10th Cir. 2008). Accordingly, the court finds that plaintiff failed to exhaust his administrative remedies as to his Eighth Amendment failure to protect claim, and that claim should be dismissed.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that defendants' Motion to Dismiss (Docket No. 39) be **GRANTED** and plaintiff's complaint be dismissed in its entirety.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

14

**(1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  December 11, 2012            s/ Michael J. Watanabe
       Denver, Colorado             Michael J. Watanabe
                                    United States Magistrate Judge