IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03033-PAB-MJW

GARY WAYNE TURNER,

    Plaintiff,

v.

LIEUTENANT FELZIEN,
CASE MANAGER 1 – NORRIS,
CASE MANAGER II – PETERSON,
CASE MANAGER III – LONG,
KEVIN MILYARD, Warden,
JOHN CHAPDELAINE, Asst. Warden,
MAJOR KENNETH WILDENSTEIN, and
WEST WILSON, CMIII,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 47] filed on December 11, 2012. The magistrate judge recommends that the Court grant the Motion to Dismiss [Docket No. 39] filed by defendants Lieutenant Felzien, Case Managers Norris, Peterson, Long, and West Wilson, Warden Kevin Milyard, Assistant Warden John Chapdelaine, and Major Kenneth Wildenstein. On December 28, 2012, plaintiff Gary Turner filed timely objections [Docket No. 49] to the Recommendation.[1] Therefore, the Court will

---

[1] The Recommendation contains a detailed statement of the case, with which no party has taken issue. In light of plaintiff's pro se status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

"determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

As a threshold matter, the Court finds that plaintiff's claims for monetary damages brought against defendants in their official capacities are barred by the Eleventh Amendment. *See Buchwald v. Univ. of New Mexico Sch. of Med.*, 159 F.3d 487, 494-95 n.3 (10th Cir. 1998) (Eleventh Amendment bars claims against individual defendants in their official capacities if relief is monetary damages or a declaration that defendants violated plaintiff's rights in the past).

With regard to plaintiff's claims against defendants in their individual capacities, the Recommendation first concluded that plaintiff did not allege sufficient facts to establish a violation of his Fourteenth Amendment due process rights because plaintiff does not have a liberty interest in participating in rehabilitation programs. Docket No. 47 at 6. Plaintiff objects to this aspect of the Recommendation and argues that defendants deprived him of a liberty interest by restricting his access to rehabilitative programs based on his race. Docket No. 49 at 7 ("being inappropriate suggesting that the plaintiff was not the right color or race or or[i]gin"). However, there is no support for plaintiff's conclusory allegation that the defendants' use of the term "inappropriate" refers to plaintiff's race or national origin. *See* Docket No. 49 at 7. Instead, it appears that plaintiff was labeled as "inappropriate" because of the comments he made to Case Manager Wilson and Warden Milyard. *See* Docket No. 19 at 8-9. Therefore, because the ability to participate in a rehabilitative program does not implicate a liberty interest, *see Battle v. Anderson*, 564 F.2d 388, 403 (10th Cir. 1977) ("[A]n inmate does not have a federal constitutional right to rehabilitation"); *Washington v. Borejon*, 324 F. App'x 741

(10th Cir. 2009) (same); *Stanley v. Litscher*, 213 F.3d 340, 342 (7th Cir. 2000) (no liberty interest in prison treatment program), the Court finds no error with this aspect of the Recommendation.

Second, the Recommendation determined that plaintiff could not state an Eighth Amendment claim based on his inability to participate in rehabilitation programs. Docket No. 47 at 7. Plaintiff does not raise specific objections to this aspect of the Recommendation and the Court finds no error with the Recommendation's findings on this point. *See Trujillo v. Williams*, 465 F.3d 1210, 1225 n. 17 (10th Cir. 2006) (allegations of "limited access to education, employment, [and] religious programming" do not establish an Eighth Amendment claim).

Third, the Recommendation found that plaintiff did not sufficiently allege a claim for retaliation based on speech in violation of the First Amendment. Docket No. 47 at 8. The Recommendation found that plaintiff's statement that he was "capable of sabotaging the kitchen" constituted a threat and therefore was not constitutionally protected activity.[2] *Id*. (citing *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1165 (10th Cir. 2009)). Plaintiff objects to this part of the Recommendation and argues that he was given a Code of Penal Discipline ("COPD") charge for refusing to work and was never given a charge for threats or any activities related to his speech. Docket No. 49 at 8. Plaintiff contends, therefore, that his comments regarding "sabotage" are irrelevant to his First Amendment claim because his retaliation claim is not based on that comment alone. *Id.*

---

[2]The Court will not repeat the legal standard for each of plaintiff's claims because these are correctly set forth in the Recommendation.

Plaintiff's speech here consists of insubordinate and derogatory comments made to various prison officials. *See* Docket No. 19 at 8-9. As noted by the Supreme Court in *Turner v. Safley*, 482 U.S. 78 (1987), an inmate's exercise of his constitutional rights may be limited by rules reasonably related to legitimate penological interests. *Id*. at 89. In *Turner*, the Supreme Court noted that, because "courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform," *id*. at 84, a prison regulation that "impinges on inmates' constitutional rights . . . is valid if it is reasonably related to legitimate penological interests." *Id*. at 89; *accord Gee v. Pacheco*, 627 F.3d 1178, 1187-88 (10th Cir. 2010). Although plaintiff has a First Amendment right to object to treatment from prison officials, plaintiff must exercise that right "in a manner consistent with his status as a prisoner." *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (noting that a prisoner "is not inoculated from the normal conditions of confinement" "merely because he has engaged in protected activity"). Unlike filing a grievance or complaints regarding restrictions on mail, plaintiff's insubordinate comments were not related to properly filed grievances or complaints about prison life, but rather were confrontational, derogatory, and disorderly. In this regard, the Court finds that plaintiff's comments to Warden Milyard and Case Manager Wilson are inconsistent with the legitimate interest of prison discipline and order and therefore are unprotected under the First Amendment. *See Brodheim v. Cry*, 584 F.3d 1262, 1273 (9th Cir. 2009) (recognizing that a grievance presented in a way that posed "a substantial threat to security and discipline" would be unprotected); *Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (characterizing a

prisoner's foul comment to a prison official that was "insulting, derogatory, and questioned her authority" as unprotected speech); *Denson v. Maufeld*, No. 09-cv-02087-WYD-KLM, 2010 WL 3835834, at *10-11 (D. Colo. May 19, 2010) ("Plaintiff does not have an unfettered right to insult or challenge the authority of prison officials.") (citation omitted). Because plaintiff's speech was insubordinate and derogatory, he has not alleged sufficient facts to indicate that the prison officials' actions in response to his comments were not related to legitimate penological interests. *See Gee*, 627 F.3d at 1188 (noting that plaintiff must "plead facts from which a plausible inference can be drawn that the action was not reasonably related to a legitimate penological interest"). Accordingly, the Court finds that plaintiff fails to establish a claim for retaliation in violation of the First Amendment. *See Kasper*, 599 F.3d at 799 (noting that, if a prisoner is not engaged in protected conduct, he cannot proceed beyond step one of a First Amendment retaliation claim).

Fourth, the Recommendation found that plaintiff had sufficiently alleged a claim for a violation of his Eighth Amendment rights based on prison officials' failure to protect plaintiff against attackers on October 16, 2011. Docket No. 47 at 8-9. However, the Recommendation found that plaintiff had failed to exhaust his administrative remedies as to this claim. *Id*. at 12. Additionally, the Recommendation noted that plaintiff had been "given a chance to respond to the untimely nature of his grievance in his response to defendants' motion, but offered no explanation as to how his grievance was in fact timely." *Id*. at 12-13; *see also* Docket No. 43 at 13 (plaintiff's response to his failure to exhaust administrative remedies).

Plaintiff objects to this aspect of the Recommendation and argues that he "offered [an] explanation and written evidence to this Court" in his response to defendants' motion, namely, that he could not respond to the administrative grievance because he was in punitive segregation.[3] Docket No. 49 at 5. However, after reviewing plaintiff's response, the Court finds that plaintiff did not present the argument he now raises – that he could not file a response to his grievance because he was in punitive segregation – in front of the magistrate judge. See Docket No. 43 at 13. It is well settled that, "[i]n this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (same); *Yarberry v. Vilsack*, No. 10-cv-02715-LTB-KLM, 2011 WL 3159144, at *1 (D. Colo. July 27, 2011) (finding that plaintiff waived the argument that he should be excused from exhausting administrative remedies because he failed to raise this argument in front of the magistrate judge); *see* 28 U.S.C. § 636(b)(1) (district "judge *may* . . . receive further evidence" when reviewing magistrate judge's recommended disposition) (emphasis added); Fed. Civ. P. 72(b)(3) (same). By failing to present this argument before the magistrate judge, plaintiff has waived the right to raise this objection. Accordingly, the Court finds no error with this part of the Recommendation.

---

[3] A review of the docket shows that plaintiff provided 93 pages of exhibits unrelated to a particular pleading or motion. See Docket No. 42. There is no indication that the Recommendation considered this evidence. Given that plaintiff makes no specific reference to the exhibits contained in Docket No. 42 in his response or objections, the Court finds that plaintiff has waived any arguments presented in those exhibits. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Fifth, the Recommendation found that plaintiff failed to state an Eighth and Fourteenth Amendment claim with regard to plaintiff's reclassification into a punitive pod. Docket No. 47 at 10. The Recommendation determined that plaintiff had failed to show that his reclassification imposed an "atypical and significant hardship" compared "to the ordinary incidents of prison life." *Id*. (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Because plaintiff failed to make this showing, the Recommendation concluded that plaintiff was not entitled to any procedural protections based on the reclassification decision. *Id*. Plaintiff objects to this aspect of the Recommendation and argues that "23 hour lock down, meals served inside his cell, restricted recreation, [and] access to the courts programs" all constitute atypical and significant hardships.[4] Docket No. 49 at 11. Moreover, plaintiff argues that minimal requirements of due process require that he be provided with notice, a hearing, and a chance to present evidence to oppose his reclassification. *Id*. at 12.

To determine whether conditions of confinement impose an atypical and significant hardship, courts look at "whether (1) the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of placement are extreme; (3) the placement increases the duration of confinement, as it did in *Wilkinson*; and (4) the placement is indeterminate." *See Estate of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007). The Court finds that plaintiff's placement in a punitive pod furthered a penological interest in rehabilitation

---

[4]To the extent plaintiff raises a double jeopardy argument, Docket No. 49 at 12, the Court will not consider this argument as it was not raised before the magistrate judge. *See Garfinkle*, 261 F.3d at 1031.

because plaintiff was placed in the punitive pod after he was found guilty of two COPD offenses in a six-month period. Second, the Tenth Circuit has found that the conditions plaintiff identifies – 23-hour solitary confinement, limited recreational opportunities, infrequent social visits – were not so atypical from the ordinary incidents of confinement as to give rise to a liberty interest. *Rezaq v. Nalley*, 677 F.3d 1001, 1015 (10th Cir. 2012) (finding conditions of imprisonment at ADX were not extreme). Moreover, there is no indication that plaintiff's placement in segregation increased the duration of his prison sentence or that segregation was indefinite. *See id.* at 1015-16 (lack of evidence of increased length of sentence weighs against a liberty interest). Considering these factors, the Court finds that plaintiff's confinement in administrative segregation did not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995). Thus, the Court finds no error with this aspect of the Recommendation.

Finally, the Recommendation found that plaintiff failed to raise an Eighth Amendment claim based on his placement in the behavior management plan. Docket No. 47 at 10. The Recommendation concluded that plaintiff failed to provide specifics about the difference between the conditions he faced in his current classification as compared to his former classification. *Id*. Plaintiff objects to this aspect of the Recommendation, arguing that the Recommendation failed to "address the restrictions and or treatment by [prison staff for the time period plaintiff was] placed into a punitive pod." Docket No. 49 at 11.

To establish a conditions-of-confinement claim under the Eighth Amendment, the complained of conditions must be sufficiently serious as to deprive inmates of "the

8

minimal civilized measure of life's necessities" and constitute a substantial risk of serious harm. *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). To allege an Eighth Amendment claim, plaintiff must plead facts which establish both an objective component, that he was forced to endure "extreme deprivations" beyond the bounds of human decency, and a subjective component, that defendants acted with "deliberate indifference" to such conditions. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

Plaintiff claims that defendants violated his Eighth Amendment rights because they "strip[ped] [him] and left [him] in a 40 degree punitive holding cell for 12 days."[5] Docket No. 43 at 12. The Court finds that this allegation is insufficient to satisfy the objective prong of an Eighth Amendment claim. Plaintiff does not allege that he suffered any damages as a result of his stay in the holding cell. In addition, although plaintiff alleges that he was stripped of his clothes, he does not state whether he was provided with blankets, bedding, or other means to stay warm. The facts in this case are similar to those in *Mauchlin v. Bier*, 07-cv-02593-CMA-MEH, 2010 WL 419397 (D. Colo. Jan. 28, 2010). There, the court considered whether an inmate placed in a dry cell at temperatures as low as 40°F for over three days, wearing only boxer shorts and a t-shirt, could meet the objective requirements of an Eighth Amendment conditions-of-confinement claim. *Id*. at *2-4. On those facts, the court found that the plaintiff's exposure to cold temperatures did not rise to the level of a constitutional violation. *Id*.

---

[5]The Court notes that plaintiff's complaint states that he was in a holding cell for only three days, while his response to the motion to dismiss states he was in the holding cell for twelve days. *Compare* Docket No. 19 at 6 *with* Docket No. 43 at 12.

at *4. Here, because of the relatively brief period of confinement and the fact that plaintiff alleges no injuries and does not explain whether he was provided with other means to stay warm, the totality of the conditions of confinement suffered by plaintiff does not approach the conditions of confinement that the Supreme Court and Tenth Circuit have found to violate the Eighth Amendment. Therefore, the Court finds that plaintiff has not alleged sufficient facts to move his claim of unconstitutional conditions of confinement "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009) (citation omitted); *see also Ogbolu v. McLemore,* 107 F.3d 21, 1997 WL 49449, at *2 (10th Cir. Feb.7, 1997) (cold, wet, drafty, and unsanitary solitary cell for two days does not violate Eighth Amendment); *White v. Nix,* 7 F.3d 120, 121 (8th Cir. 1993) (eleven-day stay in unsanitary cell not unconstitutional because of relative brevity of stay and availability of cleaning supplies*); Hawkes v. Wyo. Dep't of Corrs. Honor Conserv. Camp*, 124 F.3d 216, 1997 WL 545594, at *2 (10th Cir. Sept. 4, 1997) (plaintiff failed to state a claim after alleging he was placed in a cold, unheated detention cell for five days in January); *but see Mitchell v. Maynard*, 80 F.3d 1433, 1442-43 (10th Cir. 1996) (plaintiff sufficiently raised an Eighth Amendment claim where he alleged he "was stripped of his clothing, placed in a concrete cell, with no heat at a time when nighttime temperatures hovered in the mid-fifties, [and] provided no mattress, blankets or bedding of any kind," and such conditions could have "lasted for a period of days, weeks and months"). Given that plaintiff fails to meet the objective prong of this inquiry the Court need not address the subjective prong. *See Dexter v. Ford Motor Co.*, 92 F. App'x 637, 640 (10th Cir. 2004) (the court need not examine

whether plaintiff has met subjective requirement because he "has failed to meet the objective requirement"). Accordingly, the Court will dismiss plaintiff's Eighth Amendment claim based on his conditions of confinement in the behavioral management program.

Given that plaintiff does not allege sufficient facts to raise claims that defendants violated his constitutional rights, it is unnecessary for the Court to determine whether defendants are entitled to qualified immunity. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1217 n.15 (10th Cir. 2003) (upholding district court's ruling and finding that there was no need to reach the issue of qualified immunity because the defendants were objectively reasonable); *Schnebelen v. Porter*, 434 F. App'x 765, 766 (10th Cir. 2011) (same).

For the foregoing reasons, it is

**ORDERED** that the Recommendation on Defendant's Motion to Dismiss (Docket No. 39) [Docket No. 47] is **ACCEPTED**. It is further

**ORDERED** that defendants' Motion to Dismiss [Docket No. 39] is **GRANTED**. It is further

**ORDERED** that this case shall be closed in its entirety.

DATED March 15, 2013.

           BY THE COURT:

           s/Philip A. Brimmer
           PHILIP A. BRIMMER
           United States District Judge